UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **GARY L. KNOX,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 11-CV-2179 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## OPINION

On November 16, 2012, Petitioner, Gary L. Knox, filed a pro se Motion for Relief Pursuant to Rule 60(b)(6) (#36). This court concludes that the Motion is actually a second or successive Motion to Vacate, Set Aside, or Correct Sentence which must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On July 20, 2011, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence (#1). Petitioner also filed numerous other motions and memoranda. On February 27, 2012, this court entered a lengthy Opinion (#22) which thoroughly addressed Petitioner's arguments and concluded that all of his claims were completely without merit. Petitioner appealed, and the Seventh Circuit entered an Order on August 27, 2012. The Seventh Circuit found no substantial showing of the denial of a constitutional right and denied Petitioner's request for a certificate of appealability. The Seventh Circuit's Mandate (#35) was issued on October 19, 2012.

ANALYSIS

On November 16, 2012, Petitioner filed a pro se Motion for Relief Pursuant to Rule 60(b)(6) (#36). Petitioner asked this court to address issues he raised in his Motion to Vacate, Set Aside or Correct Sentence (#1). Petitioner acknowledged that a Motion under Rule 60(b)(6) that raises new claims or challenges the resolution of claims in prior habeas proceedings are considered claims on the merits and therefore are effectively second or successive habeas petitions. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Petitioner insists, however, that he is challenging a defect in the habeas proceedings, this court's failure to adequately address some of the claims he raised. Petitioner stated that he was asking this court to reopen his § 2255 Motion in order to cure defects in the § 2255 proceedings. He stated that the "defects are the failure of the Court to make specific findings on the merits sufficient to deny the certain and specific claims [Petitioner] made in his § 2255 Motion." Petitioner argued that he "is clearly attacking the integrity of his § 2255 proceedings."

In Gonzalez, the United States Supreme Court considered the question whether a Rule 60(b) motion for "Relief from Judgment" is properly treated as a successive petition in habeas cases. The Court determined that a habeas petitioner's filing that attacks the substance of the federal court's resolution of a claim on the merits must be treated as a second or successive petition. See Gonzalez, 545 U.S. at 532. The Court further determined that a filing that attacks some defect in the integrity of the federal habeas proceedings can proceed under Rule 60(b). Gonzalez, 545 U.S. at 532-33.

This court concludes that Petitioner's request for further consideration of the claims

he brought in his Motion to Vacate, Set Aside or Correct Sentence can only be considered a challenge to the resolution of the claims in his prior habeas proceeding on the merits. It is clear that Petitioner is not really challenging the integrity of the § 2255 proceedings, but is, in fact, challenging this court's decision on his claims. See Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012). Petitioner's Motion is directly addressed to the merits of his desire for collateral relief, something he can only seek under § 2255. See Phillips, 668 F.3d at 435. Thus, although styled as a Motion under Rule 60(b), Petitioner's Motion is properly understood as a request for relief under 28 U.S.C. § 2255. See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), citing Gonzalez, 545 U.S. at 531. If a Rule 60(b) motion is really a successive Motion under § 2255, the district court lacks jurisdiction unless the prisoner has obtained permission from the appropriate Court of Appeals to file it. See Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). "A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255.  Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed.  See Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT

(1)  Petitioner's pro se Motion for Relief Pursuant to Rule 60(b)(6) (#36) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is denied.

ENTERED this 20th day of November, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE